# Table of Contents

Exhibit A -  Plaintiff's First Discovery Requests.pdf ................................................................................ 2

Exhibit B - Plaintiff's Second Discovery Requests.pdf ........................................................... 15

Exhibit C - Plaintiff's Third Production Requests.pdf ............................................................ 24

Exhibit D - Plaintiff's Fourth Set of Requests for Production and Third Set of Interrogatories.pdf ...................... 32

Exhibit E - BlueCross Blue Shield of Texas.pdf ..................................................................... 51

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KELSEY MURPHY, on behalf of herself and all others similarly situated, | |
| Plaintiff | Case No. 1:22-cv-02656 |
| v. | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, | Hon. LaShonda A. Hunt  Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## BCBSIL'S THIRD AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL") responds and objects to Plaintiff's First Set of Requests for Production ("RFP") as follows:

## THIRD AMENDED RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1: All documents relating to Kelsey Murphy's requests for coverage of health care services related to her "Infertility Treatment" benefits, including but not limited to BCBSIL's claims processing of the same, its denials of coverage for certain health care services, including all documents reviewed or consulted by defendant in the process of administering Ms. Murphy's claims, and Ms. Murphy's administrative appeals.**

**RESPONSE**: BCBSIL objects to RFP No. 1 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present and is not limited to Illinois health plans. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior

to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation.

BCBSIL also objects that RFP No. 1 is vague and overbroad in that it requests documents "relating to" Plaintiff's requests for coverage, requiring BCBSIL to make the subjective determination of whether any given document has some conceivably logical connection, no matter how remote, to Plaintiff's requests for coverage.

BCBSIL further objects to RFP No. 1 as overbroad to the extent it seeks "all documents reviewed or consulted by defendant in the process of administering . . . Ms. Murphy's administrative appeals" because Plaintiff did not administratively appeal any determination BCBSIL made regarding infertility benefits. BCBSIL cannot produce documents relating to Plaintiff's administrative appeals because, as noted above, Plaintiff did not submit appeals and thus no documents exist. Further, as Plaintiff is aware, WINFertility, and not BCBSIL, administered Plaintiff's requests for preauthorization for and claims for infertility treatment, thus WINFertility, and not BCBSIL will be the best source for the documents Plaintiff seeks in RFP No. 1.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced all documents in its custody, possession, and control after a reasonable search relating to Plaintiff's requests for infertility benefits from 2018 to the present. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC00001-040, 502-505, 509-545, and 551-704.

**REQUEST FOR PRODUCTION NO. 2: All documents obtained by Defendant from Kelsey Murphy's medical providers related to her infertility treatments.**

**RESPONSE**: BCBSIL objects to RFP No. 2 as vague and overbroad in that it is not limited to any particular time period and because it seeks documents "related to" Plaintiff's undefined

"infertility treatments," requiring BCBSIL to make the subjective determination of whether any given document has some conceivably logical connection, no matter how remote, to Plaintiff's "infertility treatments."

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced all documents BCBSIL obtained from Plaintiff's medical providers that BCBSIL reasonably interprets as being related to Plaintiff's infertility treatments from 2020 to 2022. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC000504-508, 553-554, 567-568, 578, 584-587, 599, 624 and 750-766.

**REQUEST FOR PRODUCTION NO. 3: All contracts, applications, or other agreements between WINFertility and BCBSIL in effect as of January 1, 2012, up to and including the present.**

**RESPONSE**: BCBSIL objects to RFP No. 3 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. For each of these reasons, Plaintiff is not entitled to discovery dating back to 2012.  Plaintiff has no justifiable basis to seek information dating back to 2012 since it is not relevant to resolving the issues raised by Plaintiff's Complaint and not proportional to the needs of the case.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced documents responsive to this Request, identified by Bates Nos. HCSC000767-798. BCBSIL is investigating the existence of further responsive, non-privileged documents and will update its production and this response as required.

- 3 -

**REQUEST FOR PRODUCTION NO. 4: All documents, emails, and other communications including fax back forms between WINFertility and BCBSIL relating to covering and/or excluding treatment related to "infertility" from the Plans as defined in Dkt. No. 1-1, p. 29; Dkt. No. 16-1, p.50; See Dkt. No. 16-1, pp. 186-87**

**RESPONSE**: BCBSIL objects to RFP No. 4 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. Moreover, RFP No. 4 is overbroad because it requests materials not proportionate to the needs of the case or relevant to any claims or defenses asserted herein in that it is not limited to documents or communication relating to "covering and/or excluding" infertility coverage for individuals with same-sex partners.

Subject to these objections, and the parties' agreed-upon confidentiality order, BCBSIL has produced documents from 2018 to present, with PHI redacted, reflecting communications between BCBSIL and WINFertility regarding WINFertility's administration of benefits for members in same-sex relationships. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC043388 – HCSC044292. Further answering, BCBSIL states that it is in the process of collecting communications and documents from two additional custodians who may have had communications responsive to RFP No. 4 and will supplement its production as required.

**REQUEST FOR PRODUCTION NO. 5: All documents provided to, or created by or for, employees or agents of BCBSIL that describe, explain, or otherwise relate to its administration of benefits for and/or exclusions of health care services to treat "infertility" at any time since January 1, 2012. This request includes but is not limited to: training manuals, policy manuals, information sheets, internal memoranda, meeting minutes, policy positions, committee reviews, notes,**

correspondence, implementation plans, fax back forms, etc. including without limitation any research, reports, analyses, studies, etc. upon which BCBSIL's medical policies, and/or coverage exclusions are or were based.

**RESPONSE**: BCBSIL objects to RFP No. 5 as ambiguous, overbroad, and unduly burdensome to the extent it seeks information regarding undefined "medical policies." Plaintiff's Amended Complaint is not based on BCBSIL's application of any medical policy, thus BCBSIL is unable to determine what "medical policies" Plaintiff is referencing.

BCBSIL also objects to RFP No. 5 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 or to Illinois health plans. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. For each of these reasons, Plaintiff is not entitled to discovery dating back to 2012. Plaintiff has no justifiable basis to seek information dating back to 2012 since it is not relevant to resolving the issues raised by Plaintiff's Complaint and not proportional to the needs of the case.

Further, BCBSIL objects because the scope of RFP No. 5 far exceeds the scope of discovery proportionate to Plaintiff's case, as it seeks documents regarding BCBSIL's administration of infertility benefits for any BCBSIL member, but Plaintiff's Amended Complaint only purports to seek damages on behalf of members in same-sex relationships who may have been denied infertility benefits.

BCBSIL similarly objects to RFP No. 5 because it seeks documents "related to" the undefined "administration" of infertility benefits, requiring BCBSIL to make the subjective

determination of whether any given document has some conceivably logical connection, no matter how remote, to the "administration" of certain benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced relevant, non-privileged, documents in its possession, custody and/or control responsive to this Request. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC00041-189, 192-215, 706-749, 799-813, 6452-6502, 6618-6651, 7186-7207, 11992, 14960, 16204-16206, 24499-24500, 24645-24681, 24799-24844, 24999-25007, 26750-27180, 42574-42576, 43069-43082, 43385-43386. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 6: All actuarial material, or other financial projections, analyses, worksheets and assumption papers relating to the cost, projected or actual, or financial impact of providing coverage for medically necessary treatment for "infertility" for enrollees in BCBSIL group plans.**

BCBSIL objects to RFP No. 6 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation.

BCBSIL further objects to RFP No. 6 as impermissibly vague, particularly, in that the undefined terms "actuarial material," financial projection," analyses," worksheets," and "assumption papers" are undefined and ambiguous, rendering them subject to potential subjective or varied meanings.

Further, BCBSIL objects because the scope of RFP No. 6 far exceeds the scope of discovery proportional to Plaintiff's case, as it seeks documents regarding BCBSIL's administration of infertility benefits for any BCBSIL member, but Plaintiff's Amended Complaint only purports to seek damages on behalf of members in same-sex relationships who may have been denied infertility benefits due to their sexual orientation. BCBSIL is thus withholding responsive documents based on these objections.

**REQUEST FOR PRODUCTION NO. 7: An organizational chart for BCBSIL (and its subsidiaries/component entities, if applicable) for the years 2012 to the present.**

**RESPONSE**: BCBSIL objects to RFP No. 7 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. For each of these reasons, Plaintiff is not entitled to discovery dating back to 2012. Plaintiff has no justifiable basis to seek information dating back to 2012 since it is not relevant to resolving the issues raised by Plaintiff's Complaint and not proportional to the needs of the case.

BCBSIL objects to RFP No. 7 as overbroad and not proportionate to the needs of the case in that it seeks multiple 2000-page confidential organizational charts containing information regarding the identification of thousands of employees and job positions whose roles and job responsibilities are completely unrelated to either BCBSIL, infertility benefits, or any of the issues involved in this litigation.

- 7 -

Subject to these objections, and the parties' agreed-upon confidentiality order, BCBSIL states as follows: BCBSIL is willing to produce relevant portions of its organizational charts from 2018 to 2022 containing the names of the individual(s) and department(s) who may have been involved in the drafting, revising, and/or implementation of health plans and policy materials related to infertility benefits.

**REQUEST FOR PRODUCTION NO. 8: All documents provided to, or created by or for, employees or agents of BCBSIL that describe, explain, or otherwise relate to coverage and/or the exclusion of treatment for infertility in its insured and/or self-funded or claims administered plans. This request includes but is not limited to: training manuals, policy manuals, information sheets, internal memoranda, meeting minutes, policy positions, committee reviews, notes, correspondence, implementation plans, fax back forms etc. including without limitation any research, reports, analyses, studies, etc. upon which BCBSIL's coverage determinations of treatment for infertility are based.**

**RESPONSE**: BCBSIL objects to RFP No. 8 as vague and ambiguous with regard to the phrase "claims administered plans" which is undefined and has no standard industry meaning. BCBSIL objects to RFP No. 8 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present and is not limited to Illinois health plans. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation.

BCBSIL further objects to RFP No. 8 as overbroad and unduly burdensome because it is unlimited in scope, specifically, it seeks documents relating to any benefit plan whatsoever that BCBSIL administers, regardless of whether the plan contains identical infertility benefit language to that in Plaintiff's plan, which would require BCBSIL to manually scour its files to collect

potentially thousands of irrelevant health plan booklets and to analyze those booklets to determine whether the infertility definitions contained therein are identical to the definition included in Plaintiff's plan. Because Plaintiff's Amended Complaint is premised on allegations that the specific language in her plan intentionally discriminates against individuals with same-sex partners, documents relating to plans without the identical specific language in her plan are not relevant to resolving the issues raised by Plaintiff's Amended Complaint and therefore are not proportionate to the needs of the case.

Further, BCBSIL objects because the scope of RFP No. 8 far exceeds the scope of discovery proportionate to Plaintiff's case, as it seeks documents regarding BCBSIL's administration of infertility benefits for any BCBSIL member, but Plaintiff's Amended Complaint only purports to seek damages on behalf of members in same-sex relationships who may have been denied infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced relevant, non-privileged, documents in its possession, custody and/or control responsive to RFP No. 8. Specifically, BCBSIL has produced the documents identified by Bates Nos. HCSC000041-189, 192-215, 706-749, 799-813, 11992, 14960, 16204-16206, 24499-24500, 24645-24681, 24799-24844, 24999-25007, 26750-27180, 42574-42576, 43069-43082, 43385-43386. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 9: Please produce any other plans for which BCBSIL administers the same or similar "Infertility Treatment Benefits" as defined in Dkt. No. 1-1, p. 29; Dkt. No. 16-1, p.50; See Dkt. No. 16-1, pp.186-87.**

**RESPONSE**: BCBSIL objects to RFP No. 9 as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present and is not limited to Illinois health plans. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the

applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation.

BCBSIL further objects to RFP No. 9 as vague and ambiguous and overbroad because it seeks other plans with "similar" infertility benefits to those defined in Plaintiff's plan, and yet "similar" is entirely subjective and would require BCBSIL to manually review thousands, if not hundreds of thousands, of different benefit plans and render a legal conclusion in order to identify purportedly "similar" benefit language, which is not proportionate to the needs of the case. Furthermore, Plaintiff's Amended Complaint is premised solely on the specific contractual language contained in her plan, and therefore, plans with "similar," but not identical, infertility benefit language are not relevant to resolving the issues raised by Plaintiff's Amended Complaint, and therefore, are not proportionate to the needs of the case.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced copies of Illinois benefit plans in effect from 2018 to 2022 with identical infertility benefit language to that contained in Plaintiff's plan. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC000041-189, 216-501, 814-6468, 6503-6617, 6652-7393, 7395-11802, 11804-11991, 11993-14959, 14961-16203, 16207-24498, 24501-24644, 24682-24798, 24845-24998, 25008-26749, 27181-42573, 42577-43068, 43083-43385. BCBSIL reserves its right to supplement or amend this response upon discovery of additional facts and documents.

DATED: July 15, 2024

*/s/ Zachary B. Kizitaff*
Martin J. Bishop
Bryan Webster
**REED SMITH, LLP**
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
Tel: (312) 207-1000
mbishop@reedsmith.com
bwebster@reedsmith.com

Zachary B. Kizitaff
**REED SMITH, LLP**
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-1420
zkizitaff@reedsmith.com

*Attorneys for Defendant Blue Cross and
Blue Shield of Illinois*

## CERTIFICATE OF SERVICE

I, Zachary Kizitaff, hereby certify that on July 15, 2024, I caused a true and correct copy of the foregoing First Amended Responses and Objections to Plaintiff's First Set of Requests for Production to be served on the following counsel of record via electronic mail.


Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Dr. Suite 1100
Chicago, IL 60606
Tel: 312.261.6193
Fax: 312.275.8174
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com


*/s/ Zachary Kizitaff*
Zachary Kizitaff

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELSEY MURPHY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS;<br><br>    Defendant. | Case No. 1:22-cv-02656<br><br>Hon. LaShonda A. Hunt<br><br>Magistrate Judge Gabriel A. Fuentes |

**BCBSIL'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL"), responds and objects to Plaintiff's Second Set of Interrogatories and Requests for Production ("RFP") as follows:

**SECOND AMENDED RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 10**: All documents, emails, and other communications discussing any changes to the applicable language of Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans and the impact of those changes.

**RESPONSE**: BCBSIL objects to RFP No. 10 as vague, ambiguous, overbroad, and unduly burdensome in that RFP No. 10 seeks documents, emails, and other communications discussing "any" changes to "the applicable" language of Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans and the "impact" of those changes, as the quoted terms are vague and undefined, rendering them to potential subjective and varied meanings. To the extent that RFP No. 10 requests materials relating to changes to such plans, and such changes are not related to infertility benefit coverage, such materials are not reasonably calculated to lead to admissible evidence and are not proportionate to the needs of the case. Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and

1

ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan.

Subject to these objections, and to the parties' agreed-upon confidentiality order, BCBSIL has produced non-privileged documents, emails, and other communications from the identified key custodians likely to have had such communications, between 2018-2022, concerning changes to language regarding coverage of infertility benefits in Plaintiff's HMO Plan and other Illinois health plans containing the same definition of "infertility" as that contained in Plaintiff's HMO Plan. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC00192-215, 24645-24667, 24999-25007, 43385-44292. BCBSIL is continuing to investigate whether any additional responsive communications and/or documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 11: All documents provided to, or created by or for, employees or agents of BCBSIL supporting BCBSIL's claim that LGBTQ individuals are qualified, and/or have been covered, for infertility treatment benefits under Plaintiff's HMO Plan and the 2018-2022 Health Benefits Plans.**

RESPONSE: BCBSIL objects to RFP No. 11 as vague and ambiguous in that it seeks documents provided to, or created by or for, undefined "agents" of BCBSIL. Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan.

Subject to these objections, and the parties' agreed-upon confidentiality order, BCBSIL has produced responsive, non-privileged documents relating to Plaintiff's HMO Plan and other Illinois health plans containing the same definition of "infertility" as that contained in Plaintiff's HMO Plan. Such documents include scope of benefits documents sent to providers and benefits administrators, including WINFertility, internal BCBSIL policy documents related to administration of infertility benefits, and email communications regarding the application and administration of BCBSIL's infertility benefits. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC024682-24798, 24999-25007, 26750-27180, 42574-42576, 43069-43082, 43385-43386. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 12**: All documents provided to, or created by or for, employees or agents of BCBSIL that describe, explain, or otherwise relate to BCBSIL's definition of "Infertility" as defined in Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans. This request includes but is not limited to: training manuals, policy manuals, information sheets, internal memoranda, meeting minutes, policy positions, committee reviews, notes, correspondence, and implementation plans, including without limitation any research, reports, analyses, and studies upon which the aforementioned BCBSIL plans, and/or coverage exclusions are or were based.

**RESPONSE**: BCBSIL objects to RFP No. 12 as vague and ambiguous in that it seeks all documents provided to, or created by or for, undefined "agents" of BCBSIL. Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan.

BCBSIL objects to RFP No. 12 as vague and overbroad in that it seeks documents "related to" the definition of "Infertility," requiring BCBSIL to make the subjective determination of whether

any given document has some conceivably logical connection, no matter how remote, to the definition of "Infertility."

Subject to these objections, and the parties' agreed-upon confidentiality order, BCBSIL has produced responsive, non-privileged documents relating to Plaintiff's HMO Plan and other Illinois health plans containing the same definition of "infertility" as that contained in Plaintiff's HMO Plan. Such documents include scope of benefits documents sent to providers and benefits administrators, including WINFertility, internal BCBSIL policy documents related to administration of infertility benefits, email communications regarding the application and administration of and changes to BCBSIL's infertility benefits, and, to the extent they exist, agendas and meeting minutes pertaining to meeting between WINFertility and BCBSIL personnel. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC000041-189, 192-215, 706-749, 799-813, 11992, 14960, 16204-16206, 24499-24500, 24645-24681, 24799-24844, 24999-25007, 26750-27180, 42574-42576, 43069-43082, 43385-43386. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 13: All documents provided to, or created by or for, employees or agents of BCBSIL that describe, explain, or otherwise relate to BCBSIL's cost to cover fertility services for LGBTQ members of Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans. This request includes but is not limited to: training manuals, policy manuals, information sheets, internal memoranda, meeting minutes, policy positions, committee reviews, notes, correspondence, and implementation plans, including without limitation any research, reports, analyses, and studies upon which the aforementioned BCBSIL plans and/or coverage exclusions are or were based.**

**RESPONSE**: BCBSIL objects to RFP No. 13 as vague and ambiguous in that it seeks all documents provided to, or created by or for, undefined "agents" of BCBSIL. Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the

infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan.

BCBSIL objects to RFP No. 13 as vague and overbroad in that it seeks documents "related to" the "cost to cover fertility services for LGBTQ members," requiring BCBSIL to make the subjective determination of whether any given document has some conceivably logical connection, no matter how remote, to the coverage of infertility services for such individuals.

Subject to these objections, and the parties' agreed-upon confidentiality order, following its investigation, BCBSIL has not identified any documents within its possession, custody, or control responsive to RFP No. 13. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required. BCBSIL reserves its right to supplement or amend this response upon discovery of additional facts and documents.

**REQUEST FOR PRODUCTION NO. 14**: All documents provided to, or created by or for, employees or agents of BCBSIL that describe, explain, or otherwise relate to BCBSIL's "infertility" language as defined in Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans or the ability of LGBTQ individuals to qualify for coverage under Plaintiff's HMO Plan and the 2018-2022 Health Benefit Plans.

**RESPONSE**: BCBSIL objects to RFP No. 14 as vague and ambiguous in that it seeks all documents provided to, or created by or for, undefined "agents" of BCBSIL. BCBSIL further objects to RFP No. 14 to the extent it is duplicative of RFP Nos. 11 and 12. Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan.

BCBSIL objects to RFP No. 14 as vague and overbroad in that it seeks documents "related

to" BCBSIL's "'infertility' language," requiring BCBSIL to make the subjective determination of whether any given document has some conceivably logical connection, no matter how remote, to such language.

Subject to these objections, and the parties' agreed-upon confidentiality order, BCBSIL has produced responsive, non-privileged documents relating to Plaintiff's HMO Plan and other Illinois health plans containing the same definition of "infertility" as that contained in Plaintiff's HMO Plan. Such documents include scope of benefits documents sent to providers and benefits administrators, including WINFertility, internal BCBSIL policy documents related to administration of infertility benefits, and email communications regarding the application and administration of and changes to BCBSIL's infertility benefits. Specifically, BCBSIL has produced documents identified by Bates Nos. 024999-25007, 26750-27180, 42574-42576, 43069-43082, 43385-43386. BCBSIL is continuing to investigate whether any additional responsive documents exist, and to the extent any do exist, BCBSIL will supplement this Response as required.

**REQUEST FOR PRODUCTION NO. 15: Any documents or communications relating to the change in Illinois' statute, 215 ILCS 5/356m (d), and any documents or comments to the Illinois State Legislature or Illinois Department of Insurance about those changes.**

**RESPONSE**: BCBSIL objects to RFP No. 15 as overly broad and unduly burdensome in that Plaintiff has not asserted a claim under Illinois' statute 215 ILCS § 5/356m (d) in this matter. BCBSIL similarly objects that the materials requested by RFP No. 15 are not proportionate to the needs of the case or relevant to any claims or defenses asserted herein. BCBSIL further objects that RFP No. 15 calls for the production of materials protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced relevant, non-privileged, documents in its possession, custody and/or control responsive to this Request. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC00192-215,

24645-24681, 24999-25007, 26750-27180, and 43388 – 44292.

DATED: July 15, 2024

/s/ Zachary B. Kizitaff

Martin J. Bishop
Bryan Webster
**REED SMITH, LLP**
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
Tel: (312) 207-1000
mbishop@reedsmith.com
bwebster@reedsmith.com

Zachary B. Kizitaff
**REED SMITH, LLP**
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-1420
zkizitaff@reedsmith.com

*Attorneys for Defendant Blue Cross and Blue
Shield of Illinois*

## CERTIFICATE OF SERVICE

I, Zachary Kizitaff, hereby certify that on July 15, 2024, I caused a true and correct copy of the foregoing First Amended Responses and Objections to Plaintiff's First Set of Requests for Production to be served on the following counsel of record via electronic mail.


Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Dr. Suite 1100
Chicago, IL 60606
Tel: 312.261.6193
Fax: 312.275.8174
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com


*/s/ Zachary Kizitaff*
Zachary Kizitaff

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELSEY MURPHY, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 1:22-cv-02656 |
| vs. | Hon. LaShonda A. Hunt |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

### BCBSIL'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL"), responds and objects to Plaintiff's Third Set of Requests for Production of Documents ("Requests") as follows:

### FIRST AMENDED RESPONSES AND OBJECTIONS TO THIRD SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 16**: Documents sufficient to identify all persons who, while either a member of Plaintiff's HMO Plan or a member of the 2018-2022 Health Benefit Plans, made a precertification request for coverage of Global IVF, IVF, and/or IUI treatment and such request was denied by BCBSIL or WINFertility.

**RESPONSE**: BCBSIL objects to this Request on the grounds that it is vague and ambiguous making it subject to multiple or varied meanings, particularly with respect to the undefined terms "[d]ocuments sufficient to identify," "precertification request," "Global IVF," "IVF," and "IUI treatment." BCBSIL further objects that this Request is impermissibly vague and ambiguous in that "2018-2022 Health Benefit Plans" are defined to include health plans "BCBSIL provided coverage for" with undefined "similar 'Infertility Treatment Benefits' as Plaintiff's HMO Plan." With respect to the "2018-2022 Health Benefit Plans" being defined as health plans "BCBSIL provided coverage for[,]"

1

BCBSIL objects to this Request to the extent it purports to include self-funded health plans for which BCBSIL is an administrator and for which BCBSIL is not responsible for "provid[ing] coverage." Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan. BCBSIL further objects that this request is overbroad to the extent that it is not limited to BCBSIL Illinois health plans and, with respect to "Plaintiff's HMO Plan," the Request is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. For each of these reasons, Plaintiff is not entitled to discovery dating prior to 2018.

BCBSIL further objects to this Request in that it seeks documents and information not proportionate to the needs of this case or relevant to any claims or defenses asserted herein to the extent it seeks documents or information identifying individuals who received certain precertification denials, regardless of such individual's sexual orientation or whether said denials related in any way to the individual's sexual orientation. BCBSIL further objects to this Request to the extent it seeks disclosure of confidential information concerning individuals who are not parties to this action, or matters unrelated to this action, the disclosure of which would constitute an unwarranted invasion of protected rights to personal privacy and confidentiality, including those rights protected under the Health

Insurance Portability and Accountability Act. BCBSIL further objects to the extent this Request is directed to WINFertility, which is not a party to this case. BCBSIL further objects to this Request on the grounds that it is compound and asks BCBSIL to review and prepare separate and distinct responses for BCBSIL and WINFertility and separate and distinct responses for members of "Plaintiff's HMO Plan" and those of the "2018-2022 Health Benefit Plans."

Subject to these objections, and to the parties' agreed-upon confidentiality order, BCBSIL responds as follows: Upon reasonable investigation, BCBSIL has produced information in its custody, possession, and control after a reasonable search sufficient to identify members of Illinois retail and group plans who had precertification requests for infertility benefits denied between January 2018 and May 2024. By producing such information, BCBSIL does not represent that those plans provide coverage for the same or similar "Infertility Treatment Benefits" as in "Plaintiff's HMO Plan." BCBSIL is attempting to obtain additional responsive information from WINFertility, a non-party, with which BCBSIL has a contractual relationship but which is not an agent or otherwise under the control of BCBSIL. BCBSIL's investigation as to whether other such individuals exist remains ongoing, and BCBSIL will supplement this Response if and when it is able to identify additional individuals responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:  Documents sufficient to establish the basis for BCBSIL or WINFertility's denial of all precertification requests for coverage of Global IVF, IVF, and/or IUI treatment made by either a member of Plaintiff's HMO Plan or a member of the 2018-2022 Health Benefit Plans.**

**RESPONSE**:  BCBSIL objects to this Request on the grounds that it is vague and ambiguous making it subject to multiple or varied meanings, particularly with respect to the undefined terms "[d]ocuments sufficient to establish," "the basis," "precertification requests," "Global IVF," "IVF," and "IUI treatment." BCBSIL further objects that this Request is impermissibly vague and ambiguous in that "2018-2022 Health Benefit Plans" are defined to include health plans "BCBSIL provided coverage

3

for" with undefined "similar 'Infertility Treatment Benefits' as Plaintiff's HMO Plan." With respect to the "2018-2022 Health Benefit Plans" being defined as health plans "BCBSIL provided coverage for[,]" BCBSIL objects to this Request to the extent it purports to include self-funded health plans for which BCBSIL is an administrator and for which BCBSIL is not responsible for "provid[ing] coverage." Further, BCBSIL objects to the definition of the 2018-2022 Health Benefit Plans as vague and ambiguous to the extent it requires BCBSIL to identify health plans with "similar" Infertility Treatment Benefits as those in Plaintiff's HMO Plan. Making this determination would require BCBSIL to manually review its files, review the infertility provisions contained therein, and render a subjective determination and/or legal conclusion as to whether such language is "similar to" that of plaintiff's health plan. BCBSIL further objects that this request is overbroad to the extent that it is not limited to BCBSIL Illinois health plans and, with respect to "Plaintiff's HMO Plan," the Request is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, Plaintiff, or any putative class member, could not have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021 under Section 1557 because the Department of Health and Human Services ("HHS") regulations did not interpret Section 1557 as applying to alleged discrimination based on sexual orientation. For each of these reasons, Plaintiff is not entitled to discovery dating prior to 2018.

BCBSIL further responds that the Request is unduly burdensome and not proportionate to the needs of the case in that it seeks "[d]ocuments sufficient to establish the basis for" the denial of "all precertification requests." Identifying such documents would require BCBSIL to undertake the arduous, manual process of identifying and reviewing all documents, including medical histories, for every precertification request that was denied to discern the denial reason or reasons. BCBSIL further objects that this Request is over broad to the extent it seeks information relating to the denial of precertification

requests regardless of the individual's sexual orientation or whether said denial was in any way related to the individual's sexual orientation. BCBSIL further objects to this Request to the extent it seeks disclosure of confidential information concerning individuals who are not parties to this action, or matters unrelated to this action, the disclosure of which would constitute an unwarranted invasion of protected rights to personal privacy and confidentiality, including those rights protected under the Health Insurance Portability and Accountability Act. BCBSIL further objects to the extent this Request is directed to WINFertility, which is not a party to this case. BCBSIL further objects to this Request on the grounds that it is compound and asks BCBSIL to review and prepare separate and distinct responses for BCBSIL and WINFertility and separate and distinct responses for members of "Plaintiff's HMO Plan" and those of the "2018-2022 Health Benefit Plans."

Subject to these objections, and to the parties' agreed-upon confidentiality order, BCBSIL responds as follows: Upon reasonable investigation, BCBSIL has produced claims information in its custody, possession, and control sufficient to identify claims where requests for preauthorization for Global IVF, IVF, and/or IUI treatment were denied for members enrolled in Illinois retail and group plans between January 2018 and May 2024. Included in the claims information produced by BCBSIL are the various ineligible reason codes and code descriptions concerning the claim denials. BCBSIL objects to any legal conclusions or characterizations as to what such claims data establishes.

BCBSIL objects to and is not producing underlying claim files regarding each of the claims identified in response to RFP No. 17 as being overly burdensome and not proportional to the needs of the litigation as BCBSIL would need to manually retrieve and manually review the each of the member claim files, including all of the medical records, for each request, which would require thousands of hours to identify and collect. Moreover, by producing such information, BCBSIL does not represent that the plans underlying each of the claims identified provide coverage for the same or similar "Infertility Treatment Benefits" as in "Plaintiff's HMO Plan."

Further answering, BCBSIL is attempting to obtain additional responsive information from WINFertility, a non-party, with which BCBSIL has a contractual relationship but which is not an agent or otherwise under the control of BCBSIL. BCBSIL's investigation as to whether other such information exists remains ongoing, and BCBSIL will supplement this Response if and when it is able to identify additional information responsive to this Request. BCBSIL reserves its right to supplement or amend this response upon discovery of additional facts and documents.

DATED: July 15, 2024

*/s/ Zachary B. Kizitaff*
Martin J. Bishop
Bryan Webster
**REED SMITH, LLP**
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
Tel: (312) 207-1000
mbishop@reedsmith.com
bwebster@reedsmith.com

Zachary B. Kizitaff
**REED SMITH, LLP**
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Tel: (215) 851-1420
zkizitaff@reedsmith.com

*Attorneys for Defendant Blue Cross and Blue*
*Shield of Illinois*

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary B. Kizitaff, hereby certify that on July 15, 2024, I caused a true and correct copy of the foregoing Responses and Objections to Plaintiff's Third Set of Requests for Production to be served on the following counsel of record via electronic mail.

Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Dr. Suite 1100
Chicago, IL 60606
Tel: 312.261.6193
Fax: 312.275.8174
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com

*/s/ Zachary B. Kizitaff*

# EXHIBIT  D

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| KELSEY MURPHY, on behalf of herself and all others similarly situated, | |
| Plaintiff | Case No. 1:22-cv-02656 |
| v. | Hon. LaShonda A. Hunt |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, | Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## BCBSIL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL") responds and objects to Plaintiff's Fourth Set of Requests for Production of Documents ("Requests") as follows:

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 18: All Statements of Work, including those referenced in the Master Services Agreements (*see, e.g*, HCSC000767 - 000798) between WINFertility, Inc. and Health Care Service Corporation between January 1, 2017 to the present.**

**RESPONSE**: BCBSIL objects to this Request as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, HHS did not interpret Section 1557 to include sexual orientation prior to 2021, and there is a plausible question that the updated

regulations are even correct or whether Plaintiff could have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021.

BCBSIL further objects on the ground that this Request seeks the production of information and/or documents that contain or reflect confidential, proprietary and/or sensitive financial or business information, confidential business practices, trade secrets protected by applicable law and/or information or documents protected by law and/or contract.

BCBSIL also objects to this Request as overly broad and unduly burdensome, as written, on the grounds that it seeks "all" Statements of Work between WINFertility and HCSC without concern for any connection, no matter how remote, to the claims and defenses at issue in this litigation. BCBSIL further objects to this Request as duplicative of Request No. 3, which seeks "contracts, applications, or other agreements between WINFertility and BCBSIL in effect as of January 1, 2012, up to and including the present." Because the documents sought by Request No. 3 are duplicative of the documents sought by this Request, BCBSIL further objects to this Request to the extent it calls for the production of documents that are already within Plaintiff's possession, custody, or control.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL further responds that it has produced relevant, non-privileged documents in its possession, custody, and/or control responsive to this Request. BCBSIL is investigating whether further responsive documents are within its custody, possession, and control and will supplement this response as required

**REQUEST FOR PRODUCTION NO. 19: All healthcare benefit plans administered by BCBSIL effective at any time from January 1, 2017, to present that provide any form of infertility benefits.**

**RESPONSE**: BCBSIL objects to this Request as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present. Under Section 1557 of the

Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, HHS did not interpret Section 1557 to include sexual orientation prior to 2021, and there is a plausible question that the updated regulations are even correct or whether Plaintiff could have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021.

BCBSIL also objects to this Request as overly broad and unduly burdensome, as written, on the grounds that it seeks "all health benefit plans administered by BCBSIL" "that provide any form of infertility benefits" without concern for any connection, no matter how remote, to the claims and defenses at issue in this litigation. Specifically, this Request is overly broad because it includes self-funded health plans for which BCBSIL is not responsible for providing coverage and is unlimited in scope in that it seeks documents relating to any benefit plan whatsoever that BCBSIL "administers." Because Plaintiff's Amended Complaint is premised on allegations that the specific language in her plan intentionally discriminates against individuals with same-sex partners, documents relating to plans without the identical specific language in her plan are not relevant to resolving the issues raised by Plaintiff's Amended Complaint and therefore are not proportionate to the needs of the case.

Moreover, this Request is also unduly burdensome because BCBSIL administers many thousands of health plans, and this Request would require BCBSIL to scour its files to identify relevant health plan documents for each of these plans over the period of at least seven years. Further, BCBSIL objects because the scope of this Request far exceeds the scope of discovery proportionate to Plaintiff's case, as it seeks documents regarding BCBSIL's administration of infertility benefits for any BCBSIL member, but Plaintiff's Amended Complaint only purports to seek damages on behalf of members in same-sex relationships who may have been denied

infertility benefits. BCBSIL also objects to this Request as duplicative of Request No. 9, which seeks "any other plans for which BCBSIL administers the same or similar 'Infertility Treatment Benefits'."

Moreover, because the documents sought by Request No. 9 are duplicative of the documents sought by this Request, BCBSIL further objects to this Request to the extent it calls for the production of documents that are already within Plaintiff's possession, custody, or control.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced copies of Illinois benefit plans in effect from 2018 to 2022 with identical infertility benefit language to that contained in Plaintiff's plan. Specifically, BCBSIL has produced documents identified by Bates Nos. HCSC000041-189, 216-501, 814-6468, 6503-6617, 6652-7393, 7395-11802, 11804-11991, 11993-14959, 14961-16203, 16207-24498, 24501-24644, 24682-24798, 24845-24998, 25008-26749, 27181-42573, 42577-43068, 43083-43385, in response to Request No. 9.

**REQUEST FOR PRODUCTION NO. 20: All documents that support your Affirmative Defenses (*See* ECF 54 at pp. 16-18).**

**RESPONSE**: BCBSIL objects to this Request on the grounds that the term "Your" is vague and ambiguous, overly broad, and burdensome because it is defined by reference not only to BCBSIL but also its "subsidiaries, predecessors in interest, directors, officers, employees, agents, attorneys (including its inside/house counsel and outside or retained counsel), accountants, consultants and other representatives." Such definition encompasses individuals and entities that are not part of, and/or do not act on behalf of, BCBSIL and, similarly, are not at issue or parties to this litigation. BCBSIL responds on behalf of itself and not for any other party or non-party to the litigation.

BCBSIL also objects to this Request as overly broad and unduly burdensome, as written, on the grounds that it seeks "all" documents. BCBSIL further objects to this Request because it is premature under Rule 26(a)(3) of the Federal Rules of Civil Procedure including, but not limited to, the extent to which it seeks expert information and/or testimony. BCBSIL also objects to this Request because it calls for information that is protected from disclosure by any privilege, including, but not limited to, attorney-client privilege and/or the attorney work product doctrine. BCBSIL further objects to this Request to the extent that it seeks the production of information and/or documents that contain or reflect confidential, proprietary and/or sensitive financial or business information, confidential business practices, trade secrets protected by applicable law and/or information or documents protected by law and/or contract.

Subject to these objections, BCBSIL states as follows: BCBSIL has already produced documents it may rely on with respect to its defenses, including but not limited to, policies, benefit plans, claims data, and documents related to Plaintiff's benefit claims. BCBSIL will designate documents on which it intends to rely in accordance with the Federal Rules of Civil Procedure and any scheduling or case management order issued by the Court.

**REQUEST FOR PRODUCTION NO. 21: Documents sufficient to show what type and/or categories of information are stored in the databases and/or information systems used by Defendant to generate the Microsoft Excel spreadsheets produced by Defendant (HCSC 705, 799-800, 16204-16206, 43387).**

**RESPONSE**: BCBSIL objects to this Request on the grounds that it is vague and ambiguous, making it subject to multiple or varied meanings, particularly with respect to the undefined terms "sufficient to show," "type and/or categories," "stored," and "databases and/or information systems." BCBSIL further objects to this Request as neither relevant to the claims or defenses asserted nor proportional to the needs of this case. This Request constitutes improper and non-relevant "discovery upon discovery" and Plaintiff has not shown "an adequate factual

- 5 -

basis for an inquiry" for discovery into BCBSIL's compliance. *See LKQ Corp. v. Kia Motors Am., Inc.*, 2023 U.S. Dist. LEXIS 115804, at *1 (N.D. Ill. July 6, 2023) (concluding discovery on discovery "should be rare and certainly the exception, not the norm"); *see also Downing v. Abbott Lab'ys*, 2017 U.S. Dist. LEXIS 181401, at *1 (N.D. Ill. Nov. 2, 2017) (to warrant discovery on discovery, "a party must proffer 'an adequate factual basis for [her] belief that the current production is deficient.'") (internal citations omitted).

Pursuant to these objections, BCBSIL will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22: Documents sufficient to show the reporting capabilities of the database and/or system, including the nature, purpose, structure, appearance, format, and/or electronic searchability of the information in the databases and/or information systems used by Defendant to generate the Microsoft Excel spreadsheets produced by Defendant (HCSC 705, 799-800, 16204-16206, 43387).**

**RESPONSE**: BCBSIL objects to this Request on the grounds that it is vague and ambiguous, making it subject to multiple or varied meanings, particularly with respect to the undefined terms "sufficient to show," "reporting capabilities," "database and/or [information] systems," and "including the nature, purpose, structure, appearance, format, and/or electronic searchability." BCBSIL further objects to this Request as neither relevant to the claims or defenses asserted nor proportional to the needs of this case. This Request constitutes improper and non-relevant "discovery upon discovery" and Plaintiff has not shown "an adequate factual basis for an inquiry" for discovery into BCBSIL's compliance. *See LKQ Corp.*, 2023 U.S. Dist. LEXIS 115804, at *1 (concluding discovery on discovery "should be rare and certainly the exception, not the norm"); *see also Downing*, 2017 U.S. Dist. LEXIS 181401, at *1 (to warrant discovery on discovery, "a party must proffer 'an adequate factual basis for [her] belief that the current production is deficient.'") (internal citations omitted).

- 6 -

Pursuant to these objections, BCBSIL will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23: Any training, user, and/or administrator manuals, instructions, or guides relating to the databases and/or information systems used by Defendant to generate the Microsoft Excel spreadsheets produced by Defendant (HCSC 705, 799-800, 16204-16206, 43387).**

**RESPONSE**: BCBSIL objects to this Request on the grounds that it is vague and ambiguous, making it subject to multiple or varied meanings, particularly with respect to the undefined terms "training, user, and/or administrator manuals, instructions, or guides," "relating to," and "databases and/or information systems." BCBSIL further objects to this Request as neither relevant to the claims or defenses asserted nor proportional to the needs of this case. This Request constitutes improper and non-relevant "discovery upon discovery" and Plaintiff has not shown "an adequate factual basis for an inquiry" for discovery into BCBSIL's compliance. *See LKQ Corp.*, 2023 U.S. Dist. LEXIS 115804, at *1 (concluding discovery on discovery "should be rare and certainly the exception, not the norm"); *see also Downing*, 2017 U.S. Dist. LEXIS 181401, at *1 (to warrant discovery on discovery, "a party must proffer 'an adequate factual basis for [her] belief that the current production is deficient.'") (internal citations omitted).

Pursuant to these objections, BCBSIL will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2017.**

**RESPONSE**: BCBSIL objects to this Request as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, HHS did not interpret Section 1557 to include sexual orientation prior to 2021, and there is a plausible question that the updated

- 7 -

regulations are even correct or whether Plaintiff could have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021.

BCBSIL also objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2017" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2017. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2017.

**REQUEST FOR PRODUCTION NO. 25: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2018.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2018" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2018. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2018.

**REQUEST FOR PRODUCTION NO. 26: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2019.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2019" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2019. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2019.

**REQUEST FOR PRODUCTION NO. 27: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2020.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2020" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2020. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced the HMO Scope of Benefits Sections applicable to 2020, beginning at Bates number HCSC043449 and HCSC043521.

**REQUEST FOR PRODUCTION NO. 28: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2021.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2021" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2021. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2021.

**REQUEST FOR PRODUCTION NO. 29: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2022.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2022" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2022. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL has produced the HMO Scope of Benefits Section applicable to 2022, beginning at Bates number HCSC044267.

**REQUEST FOR PRODUCTION NO. 30: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2023.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2023" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2023. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2023.

**REQUEST FOR PRODUCTION NO. 31: The Blue Cross and Blue Shield of Illinois Provider Manual, HMO Scope of Benefits Section, 2024.**

**RESPONSE**: BCBSIL objects to this Request as vague and ambiguous in that it seeks BCBSIL's Provider Manual's HMO Scope of Benefits Section for the year "2024" because it is unclear whether Plaintiff seeks the document that was created in and/or operative in 2024. Further, such materials are not reasonably calculated to lead to admissible evidence and are not proportional to the needs of this case because it requires BCBSIL to search for documents regarding BCBSIL's administration of HMO benefits generally and without concern for the parties' claims and defenses when the allegations in Plaintiff's Amended Complaint only concern the coverage of infertility benefits.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce the HMO Scope of Benefits Section for 2024.

- 11 -

**REQUEST FOR PRODUCTION NO. 32: All Blue Cross and Blue Shield of Illinois Provider Manuals from January 1, 2017 to the present, other than those requested in Requests for Production nos. 24-31.**

**RESPONSE**: BCBSIL objects to this Request as overbroad and unduly burdensome because it is not limited to the relevant time period of 2018 to present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, HHS did not interpret Section 1557 to include sexual orientation prior to 2021, and there is a plausible question that the updated regulations are even correct or whether Plaintiff could have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021.

BCBSIL objects to this Request as overly broad and unduly burdensome, as written, on the grounds that it seeks "all" BCBSIL Provider Manuals over a seven-year period. When read together with Request Nos. 24-31, Plaintiff effectively seeks all BCBSIL Provider Manuals since 2017 without concern for any connection, no matter how remote, to the claims and defenses at issue in this litigation. BCBSIL further objects to this Request as overbroad and unduly burdensome because it is unlimited in scope; specifically, it seeks documents relating to any BCBSIL contracting provider network, regardless of whether the Provider Manual relates in any way to infertility benefits for members in same-sex relationships.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce relevant provider manuals applicable from 2017 to the present.

**REQUEST FOR PRODUCTION NO. 33: Documents sufficient to identify the individuals who drafted the Provider Manuals requested in Requests for Production Nos. 24-32.**

**RESPONSE**: BCBSIL objects to this Request as overbroad because, to the extent it seeks "[d]ocuments sufficient to identify the individuals who drafted the Provider Manuals requested in" Request No. 24, the Request is not limited to the relevant time period of 2018 to

present. Under Section 1557 of the Affordable Care Act, under which Plaintiff brings her claim, the applicable statute of limitations period is four years. 28 U.S.C. § 1658(a). Moreover, HHS did not interpret Section 1557 to include sexual orientation prior to 2021, and there is a plausible question that the updated regulations are even correct or whether Plaintiff could have asserted a viable cause of action for discrimination on the basis of sexual orientation prior to 2021.

BCBSIL objects to this Request on the grounds that it is vague and ambiguous, making it subject to multiple or varied meanings, particularly with respect to the undefined terms "[d]ocuments sufficient to identify" and "drafted." BCBSIL also objects to this Request in that it seeks documents and information not proportionate to the needs of this case or relevant to any claims or defenses asserted herein because it seeks documents or information identifying individuals who drafted certain BCBSIL Provider Manuals, or any portion of those manuals, when the individuals themselves who drafted the Provider Manuals had no role regarding any of the disputed issues in this case. Thus, this Request seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

Lastly, BCBSIL objects to this Request as overbroad and unduly burdensome because it is unlimited in scope; specifically, it seeks documents to identify individuals who drafted the Provider Manuals relating to any BCBSIL contracting provider network, regardless of whether the Provider Manual relates in any way to Plaintiff's benefits at issue.

Subject to these objections, and the agreed upon confidentiality order, BCBSIL will produce information sufficient to identify the departments responsible for drafting the BCBSIL Provider Manuals for HMO Plans between 2018 and the present.

- 13 -

DATED: July 26, 2024

/s/ Zachary Kizitaff
Martin J. Bishop
Bryan Webster
**REED SMITH LLP**
10 S. Wacker Drive Suite 4000
Chicago, IL 60606
Tel. 312.207.1000
Fax. 312.207.6400
mbishop@reedsmith.com
bwebster@reedsmith.com

Zachary B. Kizitaff
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: 215.851.1420
zkizitaff@reedsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary Kizitaff, hereby certify that on July 26, 2024, I caused a true and correct copy of the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production to be served on the following counsel of record via electronic mail.

Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Dr. Suite 1100
Chicago, IL 60606
Tel: 312.261.6193
Fax: 312.275.8174
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com

*/s/ Zachary Kizitaff*
Zachary Kizitaff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KELSEY MURPHY, on behalf of herself and all others similarly situated, | |
| Plaintiff | Case No. 1:22-cv-02656 |
| v. | |
| HEALTH CARE SERVICE CORPORATION d/b/a BLUE CROSS AND BLUE SHIELD OF ILLINOIS, | Hon. LaShonda A. Hunt Magistrate Judge Gabriel A. Fuentes |
| Defendant. | |

## BCBSIL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL") responds and objects to Plaintiff's Third Set of Interrogatories as follows:

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 11: Explain what information concerning persons who are members of plans administered by BCBSIL, including but not limited to information concerning sex, sexual orientation, and/or the sexual orientation of a member's partner, registered domestic partner, and/or spouse, is retrievable by computer, and identify each field of information and/or data that is searchable and/or retrievable. This request includes but is not limited to how the categories of information produced in Defendant's spreadsheets (HCSC 705, 799-800, 16204-16206, and 43387) were selected and what categories of information could have been, but were not, included in these spreadsheet.**

**ANSWER**: BCBSIL objects to this Interrogatory on the grounds that it is vague and ambiguous, making it subject to multiple or varied meanings, particularly with respect to the undefined terms "retrievable," "each field of information and/or data," "searchable and/or retrievable," "categories of information," and "were selected." BCBSIL further objects to this

Request as neither relevant to the claims or defenses asserted nor proportional to the needs of this case. This Request constitutes improper and non-relevant "discovery upon discovery" and Plaintiff has not shown "an adequate factual basis for an inquiry" for discovery into BCBSIL's compliance. *See LKQ Corp. v. Kia Motors Am., Inc.*, 2023 U.S. Dist. LEXIS 115804, at *1 (N.D. Ill. July 6, 2023) (concluding discovery on discovery "should be rare and certainly the exception, not the norm"); *see also Downing v. Abbott Lab'ys*, 2017 U.S. Dist. LEXIS 181401, at *1 (N.D. Ill. Nov. 2, 2017) (to warrant discovery on discovery, "a party must proffer 'an adequate factual basis for [her] belief that the current production is deficient.'") (internal citations omitted).

Subject to these objections, BCBSIL responds that it does not inquire about or maintain information on members' sexual orientation. The only basis on which BCBSIL can reasonably discern a member's sexual orientation is by identifying those members who listed a same-sex spouse or same-sex domestic partner on his or her benefit election forms, as reflected in the spreadsheets referenced in this Interrogatory.

DATED: July 26, 2024

/s/ Zachary Kizitaff
Martin J. Bishop
Bryan Webster
**REED SMITH LLP**
10 S. Wacker Drive Suite 4000
Chicago, IL 60606
Tel. 312.207.1000
Fax. 312.207.6400
mbishop@reedsmith.com
bwebster@reedsmith.com

Zachary B. Kizitaff
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: 215.851.1420
zkizitaff@reedsmith.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Zachary Kizitaff, hereby certify that on July 26, 2024, I caused a true and correct copy of the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production to be served on the following counsel of record via electronic mail.

Edward A. Wallace
Mark R. Miller
Molly C. Wells
WALLACE MILLER
150 N. Wacker Dr. Suite 1100
Chicago, IL 60606
Tel: 312.261.6193
Fax: 312.275.8174
eaw@wallacemiller.com
mrm@wallacemiller.com
mcw@wallacemiller.com

*/s/ Zachary Kizitaff*
Zachary Kizitaff

# EXHIBIT  E



**Blue Cross Blue Shield of**

| Provider Fax Number: |
|---|

| Date of Inquiry – Confirmation #: |
|---|

| NPI, Tax ID, or HMO site: |
|---|

| Provider Type / Specialty: |
|---|

| Member Group / ID #: |
|---|

| Patient Date of Birth: |
|---|

| Patient Name: |
|---|

| Effective Date: |
|---|

| Pre-existing waiting period: |
|---|

| Product Type: |
|---|

| HMO Site: |
|---|

| Effective Date with site: |
|---|

| PCP Name – effective date: |
|---|

| Medicare information: |
|---|

| COVERAGE INFORMATION |
|---|

| Service Zip Code: |
|---|

| Service Address: |
|---|

| Benefit Category: |
|---|

| Place of Treatment: |
|---|

| In or Out of Network: |
|---|

| Copayment: |
|---|

| Per Admit/Occurrence Deductible or Copay: |
|---|

| Coinsurance: |
|---|

| Individual Deductible: |
|---|

| Amount Met to Date: |
|---|

| Family Deductible: |
|---|

| Amount Met to Date: |
|---|

| Other Deductible: |
|---|

| Amount Met to Date: |
|---|

| Individual Out of Pocket (Stop Loss): |
|---|

| Amount Met to Date: |
|---|

| Family Out of Pocket (Stop Loss): |
|---|

| Amount Met to Date: |
|---|

| Benefit Maximum: |
|---|

| Amount Met to Date: |
|---|

| Lifetime Maximum: |
|---|

| Amount Met to Date: |
|---|

| Precertification Penalty Deductible: |
|---|

| HCA Information: |
|---|

| Special Messages: |
|---|

| Timely Filing: |
|---|

A quote of benefits is not a guarantee of payment unless otherwise required by law. All benefits are subject to the terms, conditions, limitations, and exclusions under the member's policy, including the patient's effective status on the actual date of service. *** All claims should be filed to the state in which service was rendered unless otherwise specified under the member's contract. ***