IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELSEY MURPHY, on behalf of herself ) <br> and all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> HEALTH CARE SERVS. CORP., ) <br> d/b/a Blue Cross Blue Shield of Illinois, ) <br> ) <br> Defendant. ) | No. 22 C 2656 <br><br> District Judge LaShonda A. Hunt <br> Magistrate Judge Gabriel A. Fuentes |

## ORDER

Before the Court is a motion by Plaintiff Kelsey Murphy ("Plaintiff") to take a limited further Rule 30(b)(6) deposition ("Motion"; D.E. 91, 92) of Defendant Health Care Services Corp. ("Defendant" or "Blue Cross"), under the district court's referral to the magistrate judge including discovery supervision. (D.E. 32, 33.) Decision of the Motion is within the Court's broad discretion to manage discovery under the referral, *Jones v. City of Elkhart*, 737 F.3d 1107, 1115 (7th Cir. 2013), with the goal of promoting the just, speedy and inexpensive determination of the matter. Fed. R. Civ. P. 1.

In this action, Plaintiff has sued Defendant, her health insurance provider, challenging its policy governing access to fertility treatments. Plaintiff alleges the Blue Cross policy intentionally discriminates against her and other LGBTQ participants based on sexual orientation, by imposing additional out-of-pocket costs on them that heterosexual participants do not have to incur in order to qualify for fertility benefits. 10/17/23 Order (D.E. 45) at 1. In the Motion, Plaintiff seeks to compel additional Rule 30(b)(6) deposition questioning on the subject of what she describes as an "automated" denial or dismissal system, namely, a mechanism for Defendant to deny certain

health-care insurance claims in an automated fashion. Motion at 8. Plaintiff asserts that she first learned of this "automated denial system" at a Rule 37 discovery conference in January 2025, when defense counsel advised Plaintiff's counsel that "most, of not all, of he claims within Defendant's [document] production were denied via an automated claim adjudication system without the need to review medical records." *Id.* at 7. In that document production, rendered on or about January 13, 2025, Defendant produced "screenshots of Defendant's internal system, reflecting the type of procedures members receives as a part of their claims for coverage." *Id.* at 3. The Rule 37 conference at which defense counsel were said to have disclosed the existence of an "automated denial system" is said to have taken place on January 13. Plaintiff calls the news of this automated denial system an "11th hour revelation" that necessitates more Rule 30(b)(6) deposition questioning about how the system is used to deny claims for insurance coverage. *Id.* at 7. She claims that documents produced before the January 13 supplemental production consisted largely of "members' files" but did not indicate any reason why members' "requests for services" were denied. *Id.* at 5.

Defendant's opposition to the motion leads with resistance to having to provide further discovery after the Court's persistent attempt to cut discovery off, most recently at December 31, 2025. Defendant's Response in Opposition to Plaintiff's Motion ("Resp."; D.E. 98) at 1-2. Defendant does not expressly deny that on January 13, it revealed to Plaintiff for the first time the existence of an automated denial system. *Id.* at 2-3. Rather, Defendant asserts that "[t]he only thing BCBSIL's counsel 'recently learned' [at the time of the Rule 37 conference] was that the sample set of claims included claims automatically adjudicated." *Id.* at 6. The Court is unsure exactly of what that means, but more to the point, Defendant asserts that the automated denial system is not relevant to the claims and defenses and thus is outside Rule 26(b)(1) discovery, and

2

that Plaintiff could have learned about the system during her earlier Rule 30(b)(6) deposition of Defendant but failed to ask the necessary questions. *Id.*

The Court disagrees with Defendant and concludes that under the circumstances, Plaintiff's request to conduct the additional corporate representative deposition to ask about the automated denial system is good cause under Rule 16 to extend the discovery schedule for that limited purpose, and to allow the additional Rule 30(b)(6) deposition on that topic. Rule 26(b)(1) relevance is broad, and discoverability of information under the rule is distinct from admissibility of that information at trial (a bridge yet to be crossed), so Defendant's protestations about inadmissibility of the information is no bar to its discovery. *See Coleman v. Illinois*, No. 19 C 3789, 2020 WL 5752149, at *3-4 (N.D. Ill. Sept. 25, 2020). Defendant's assertion that the workings of the automated denial system are undiscoverable as irrelevant in view of how Plaintiff has characterized her claims (*see* Resp. at 4) rings hollow. The fact that the First Amended Complaint does not contain allegations about Defendant's use of an automated denial system to deny claims on a discriminatory basis is perhaps not surprising, if in fact Plaintiff learned about that system for the first time on January 13, 2025, more than a year after she filed the First Amended Complaint. But nor does the paucity of reference to this automated system in the pleadings cut off Plaintiff from discovering what it was, how it worked, and how it might relate to her allegations of discrimination against same-sex couples in connection with coverage claims arising from fertility treatment.

The aphorism that discovery rules do not provide "a ticket to a never-ending exploration of every conceivable matter that captures an attorney's interest," relied on here by Defendant, may apply in some instances or under some circumstances, but it is not the broad limitation on discovery that Defendant would like it to be. *See id.* at 5, citing *Motorola Sols., Inc. v. Hytera Comms. Corp.*,

3

365 F. Supp. 3d 916, 925 (N.D. Ill. 2019). Litigants operating under the post-2015 Rule 26(b)(1) amendment (introducing relevancy and proportionality) have often misused or over-used the foregoing language from *Motorola*, which dates to 1994. *Motorola*, 365 F. Supp. 3d at 925, citing *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. Mar. 9, 1994). The line about the unlimited excursion ticket has a flowery ring to it and has become a favorite of litigants opposing relevant discovery. It is, for lack of a better phrase, "an old song." The Court has expressed a fondness for this aphorism in the past, even while noting that its applicability is no substitute for fact-specific relevancy *and proportionality* determinations under an individualized judicial analysis per the amended Rule 26(b)(1). *Diamond Servs. Mgt. Co. v. C&C Jewelry Mfg. Co.*, No. 19 C 7675, 2021 WL 1165091, at *5 (N.D. Ill. Mar. 26, 2021); *Heard v. Becton, Dickinson & Co.*, No. 19 C 4158, 2023 WL 9692223, at *2 (N.D. Ill. Nov. 28, 2023). Sticking with the music metaphor, the aphorism now is beginning to sound more like a tired refrain, a bit like "Happy Days Are Here Again," not heard at an American political convention since 1968. Rather than branding an adversary's requested discovery with the label of "unlimited excursion ticket," parties might be better off addressing why the discovery is so irrelevant or disproportionate that the propounding party has no right to obtain it under the breadth of Rule 26(b)(1) as amended in 2015. The Court in this case finds discovery into the workings of Defendant's "automated denial system" as relevant and proportional in this lawsuit over whether Defendant denied certain benefits in a discriminatory fashion.

  The Court was similarly unpersuaded by Defendant's argument that Plaintiff's not having discovered information about the system during the earlier Rule 30(b)(6) deposition was Plaintiff's fault for not asking the right questions. The testimony of Defendant's corporate representative deponent, as recited by Defendant (Resp. at 6-7), might arguably have left enough bread crumbs

4

to allow Plaintiff's counsel to learn about the automated system then and there, but discovery is about handing over the bread, and not just the crumbs. Tellingly, Defendant asserts in its opposition brief, that "[r]egardless, it is not counsel's job to educate Plaintiff's counsel on how BCBSIL adjudicates claims." *Id.* at 6-7. Perhaps not, but it is the job of this Court to make sure both sides receive fair discovery, and that Plaintiff in this case receives fair discovery about why claims relevant to the case were denied – if the methodology was an automated system, the Plaintiff is entitled to learn how that system worked to deny claims.

Defendant closes its brief with the observation that discovery at some point must come to an end. *Id.* at 8. That is true, but for the foregoing reasons, today is not the day.

The Motion (D.E. 91, 92) is granted. The parties are to confer under Rule 26(f) and file a status report by noon on February 28, 2025, setting forth a timeline for conclusion of the additional limited Rule 30(b)(6) discovery permitted by this order.

**SO ORDERED.**

                                      **ENTER:**

                                      **GABRIEL A. FUENTES**
                                      **United States Magistrate Judge**

**DATED: February 25, 2025**